Hamid R. SALAMAT, Plaintiff,

v.

VILLAGE INN PANCAKE HOUSES, INC., Vicorp Restaurants, Inc., and Midwest Pancake Houses, Inc., Defendants.

No. CIV–90–2001–A.

United States District Court,
W.D. Oklahoma.

March 1, 1991.

Walter Jenny, Jr., Midwest City, Okl., for plaintiff.

Alan R. Carlson, Garrison, Brown, Carlson & Buchanan, Bartlesville, Okl., for defendants.

## ORDER

ALLEY, District Judge.

At issue are two defense motions. One is by all defendants to dismiss two of plaintiff's EEOC claims as untimely, and the second is by defendant Vicorp to dismiss it as a party for improper joinder. Plaintiff has responded to the motion to dismiss for untimely filing, but has not responded to the motion to dismiss Vicorp as an improper party. The Court rules as follows for the reasons stated below.

### MOTION TO DISMISS VICORP

■ Under Western District Local Rule 14(A), a motion shall be deemed confessed if it is not opposed within fifteen days. Vicorp's motion was filed on January 23, 1991, as was the motion by all defendants to dismiss certain of plaintiff's claims. Plaintiff responded in a timely manner to the motion to dismiss claims by filing his objection on January 28, 1991. However, he did not respond or object to Vicorp's motion, and neither did he request an extension of time. The Court therefore deems confessed Vicorp's motion to dismiss it as a party, and Vicorp is hereby dismissed as a party defendant. The motion is granted as confessed.

### MOTION TO DISMISS AS UNTIMELY

■ Determination of this motion is not so easy due to the state of the record and the briefs of counsel. The motion is made only as to EEOC charges 311–88–0203 and 311–88–0269. Apparently defendants do not challenge so much of the Complaint as pertains to EEOC charge 311–88–175. (For convenience, these charges will be referred to by their last three digits.)

A brief review of the chronology of the charges is in order. On June 6, 1989, plaintiff received a Determination letter on charge 175 that dismissed the charge and constituted his right-to-sue letter. The Determination letter also informed plaintiff that he could request review of the dismissal if he complied with certain procedures within fourteen days. Otherwise, the dismissal would become final and plaintiff would have until September 19, 1989 to file suit in federal district court. On June 13, 1989, plaintiff sent a letter to the EEOC requesting review of the dismissal of charge 175, and stating in detail his reasons for the requested review. On August 22, 1989, the EEOC sent plaintiff a letter entitled "NOTICE OF ACCEPTANCE OF REQUEST FOR REVIEW" as to charge 175.

Approximately one month later on September 18, 1989 and September 20, 1989, plaintiff received Determination letters on the other two charges, 203 and 269 respectively, likewise dismissing them and stating his right to request review. He was given until October 2, 1989 on charge 203 and until October 4, 1989 on charge 269 in which to request review. Plaintiff promptly wrote to the EEOC on September 26, 1989 and requested that charges 203 and 269 be incorporated with charge 175 for review. Plaintiff referred to his June 13, 1989 letter that detailed his grounds for review of charge 175 as applying to charges 203 and 269 as well.

Time passed and nothing happened. On March 14, 1990 plaintiff again wrote to the EEOC and asked for a "status report" on the review of the three charges. Five more months passed until the EEOC sent

on September 17, 1990 its "DETERMINA-TION ON REVIEW AND DISMISSAL OF TITLE VII CHARGES" as to charge 175. The EEOC letter did not review charges 203 and 269, although the letter stated that those case files had been reviewed "for any evidence that may have a bearing on the above referenced charge [175] appealed to Determination Review Program." The letter specifically stated that "our review is limited to the instant charge [175]." Plaintiff then filed suit in this Court in on December 14, 1990, less than 90 days later, on the basis of all three charges.

Herein lies the rub. The September 17, 1990 letter reviewed only charge 175, but apparently the EEOC dropped the ball as to charges 203 and 269. Plaintiff's letter of September 26, 1989 clearly stated that he wished review of charges 203 and 269 also, but plaintiff received no notice of the disposition of that request. Although plaintiff received a letter of August 22, 1989 accepting charge 175 for review, he received no such letter for charges 203 and 269 as required by 29 C.F.R. § 1601.19(a)(3). Thus, the Court must decide whether the September 26, 1989 letter requesting consolidation of the three charges works to toll the 90-day period allowed for filing suit in federal district court as to charges 203 and 269.[1]

Without doubt, the 90-day period in which a plaintiff must file suit is not jurisdictional, but in the nature of a statute of limitations that is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857 (10th Cir.1983). "Although the propriety of equitable tolling must necessarily be determined on a case-by-case basis, we have suggested that tolling may be appropriate when a plaintiff

has been 'lulled into inaction by [the] past employer, state or **federal agencies,** or the courts.'" 702 F.2d at 859 (emphasis added).

Equitable tolling usually arises because of the actions of an opponent party, but here the equitable tolling is of an aberrant type because it arises from the actions (or more properly the inactions) of the EEOC itself. The defendants have done nothing to delay or otherwise impede plaintiff's access to the EEOC administrative process. However, regardless of defendants' lack of participation in the problem created by the EEOC, equitable tolling must be allowed to achieve fairness to the claimant, and to give him an opportunity for a determination on the merits of his claims.

Section 1601.19(a)(3) of the Code of Federal Regulations requires that "[w]here a request for review is accepted by the Director, Determinations Review Programs, a notice of review shall promptly issue to all parties to the charge." However, § 1601.19 does not address what the EEOC is to do when a plaintiff requests review and the request is denied. Plaintiff could have reasonably relied on his September 26, 1989 letter as invoking the review process as to charges 203 and 269 as well as charge 175, and should not be punished by dismissal of those two claims for untimely filing. When plaintiff received the Determination on Review letter in September 1990 dismissing charge 175 and stating that charges 203 and 269 had not been reviewed, the 90 days to sue on charges 203 and 269 had long since run.

The Court has found no cases on point addressing a situation where the EEOC has failed to inform a charging party of the disposition of a request for review. It is this Court's opinion, though, that a plaintiff

---

1. These issues have not been addressed by the parties, and so the Court is without benefit of their positions; however, the Court has done its own legal research based on the chronology of events as depicted through the attachments to each brief. Plaintiff's response brief was particularly not helpful due, to its lack of identification of legal issues or citation to pertinent law. One would generally assume that a plaintiff's

counsel would have a better grasp of the legal issues involved in preserving and prosecuting a Title VII case. An attorney who submits a pleading such as this brief does not fulfill his role as an advocate for his client. Plaintiff's counsel's brief is attached to this Order as an example of inadequate advocacy that the Court hopes not to see repeated in this or any other case.

should not bear the brunt of what is an aberrancy in the EEOC process. Under these circumstances, the Court believes that the 90–day period should be equitable tolled based on the EEOC's lack of response to plaintiff's September 26, 1989 letter that requested consolidation of the three charges for review.

Thus, as there is no other evidence that plaintiff was informed before January 1 and 3, 1990 (the dates on which the 90–day periods would have otherwise expired to sue on charges 203 and 269) that his request for review of charges 203 and 269 had been denied, the Court finds that the 90–day periods should be equitably tolled, and that the 90–day periods only began to run with the notice of dismissal of charge 175 in the September 17, 1990 letter.

Defendants' motion to dismiss charges 203 and 269 as being untimely filed is therefore denied.

It is so ordered.

ATTACHMENT

In the United States District
Court for the

Western District of Oklahoma

Civ–90–2001–A

Hamid R. Salamat, Plaintiff,

v.

Village Inn Pancake Houses, Inc., et al., Defendants.

Jan. 28, 1991.

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Comes now the Plaintiff, by and through counsel of record, and respectively submits the following Response and the Motion to Dismiss filed by the Defendant's in the above captioned matter.

STATEMENT OF FACTS

Plaintiff filed the following complaints with the Equal Employment Opportunity Commission (EEOC):

| Charge Number | Issue | Determination Date | Determination on Review Date |
|---|---|---|---|
| 311–88–0175 | National origin discrimination—suspension, refusal to promote, transfer | 6–7–89 | 9–17–90 |
| 311–88–0203 | Retaliation for filing above charge (Section 704a)—probation | 9–18–89 | 9–17–90 |
| 311–88–0269 | Retaliation for filing above charges (Section 704(a)—discharge | 9–20–89 | 9–17–90 |

The three charges were reviewed by the local EEOC office in a letter dated March 14, 1989, soliciting further evidence or comments from the Plaintiff (Exhibit "A"). A reply was filed by Plaintiff's counsel on March 24, 1989, encouraging more investigation by the local office on particular issues (Exhibit "B"), again embracing all three charges. A response was filed April 27, 1989 by EEOC local office, followed by the June 7, 1989 Determination (Exhibits "C" and "D", respectively). An appeal was filed with the Determination Review Pro-

gram on June 13, 1989 (Exhibit "E"), citing the only existing determination by the local office. It was accepted for review on August 22, 1989. 29 CFR Section 1601.19.

The other two determinations were then issued in September 1989, followed by Plaintiff's request that they be reviewed with the first charge (Exhibit "F"). This was reiterated on March 14, 1990 (Exhibit "G"). The review process was completed on September 17, 1990, noting that the two later charges were also "reviewed for any

evidence that may have a bearing" in the review (Exhibit "H").

This Complaint was filed December 14, 1990, eighty eight (88) days after the mailing date of the Determination on Review and well within the ninety (90) days from receipt thereof required by 42 U.S.C. Section 2000e–5(f)(1).

Thus, Plaintiff Complaint is timely filed as to all issues, and the Motion to Dismiss should be denied.

Respectively Submitted

/s/ Walter Jenny, Jr.

Walter Jenny, Jr. OBA 10083
P.O. Box 50472
Midwest City, OK 73140

CERTIFICATE OF MAILING

This is to certify that on the 28th day of January, 1991, a true and correct copy of the above and foregoing was placed in the U.S. Mail, postage pre-paid thereon addressed to:

Alan R. Carlson
530 S.E. Delaware
P.O. Box 1217
Bartlesville, OK 74003

/s/ Walter Jenny, Jr.
Walter Jenny, Jr.