Mary DAVIDSON, et al., Plaintiffs,

v.

**SERVICE CORPORATION INTERNATIONAL, et al., Defendants.**

**Civil Action No. H–95–1353.**

United States District Court,
S.D. Texas,
Houston Division.

Oct. 23, 1996.

Jerry D. Conner, Houston, TX, Pro Se.

Carnegie H. Mims, Jr., Jefferson & Mims; Houston, TX, for plaintiffs.

A. Martin Wickliff, Jr., Wickliff & Hall, Houston, TX, for defendants.

### *ORDER*

GILMORE, District Judge.

Pending before the Court is Defendants' Motion for Summary Judgment by the individual Defendants Griffith, Willis, and Wynn (Instrument No. 27) and Defendants' Motion for Partial Summary Judgment as to Plaintiff Sherry Thompson's Claims (Instrument No. 30). After careful review of the parties submissions and applicable law, the Court has determined that Defendants' motions should be **GRANTED.**

### I.

Plaintiff Sherry Thompson ("Thompson") began working for Defendant Service Corporation International ("SCI") in 1986. From June of 1987 until October of 1988, Thompson served as Administrator of Special Services for SCI's wholly owned subsidiary Guardian Plans. In this position, Thompson supervised a telemarketing program Guardian Plans initiated to promote the sales of funeral and burial services the company had available. Under this program, telemarketers were paid a commission for every telephone call that resulted in the purchase of a burial plan. Thompson alleges that while serving as the telemarketing program's supervisor, Defendants instructed her to forbid all employees from selling the pre-arranged burial services to African Americans and refrain from employing African Americans in the telemarketing program. When she complained about Defendants' discriminatory hiring policies and marketing practices, Thompson claims she was terminated.

On June 21, 1990, Thompson filed a charge of discrimination with the EEOC. On September 11, 1992, the EEOC issued a determination and a right to sue notice. Thompson did not request review of this dismissal nor did the EEOC issue a notice of intent to reconsider Thompson's charge. Even though the earlier notice had not been revoked, a second right to sue notice was issued by the EEOC on February 1, 1995. In a letter to Thompson on May 2, 1996, however, the EEOC stated that the agency should not have issued the February 1 notice and Thompson should therefore consider this second notice revoked.

Suit was filed by Thompson on May 12, 1995. In addition to joining SCI and Guardian Plans as Defendants, Thompson has also sued SCI managers Kenneth Griffith ("Griffith"), David Willis ("Willis"), and Garrison Wynn ("Wynn"). The gist of Thompson's complaint is that she was terminated in violation of the Civil Rights Act of 1964, codified as 42 U.S.C. § 2000e *et seq.* ("Title VII") for opposing what she perceived to be Defendants' unlawful employment practice.

### II.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56. A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11; *see Lewis v. Glendel Drilling Co.,* 898 F.2d 1083, 1088 (5th Cir.1990), *cert. denied,* 502 U.S. 857, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991).

Under FED.R.CIV.P. 56(c), the moving party bears the initial burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and for identifying those portions of the record that demonstrate such absence. *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Leonard v. Dixie Well Serv. & Supply, Inc.,* 828 F.2d 291, 294 (5th Cir.1987).

Where the moving party has met its Rule 56(c) burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.'*" *Matsushita,* 475 U.S. at 586–87, 106 S.Ct. at 1356 (quoting FED.R.CIV.P. 56(e)) (emphasis in original); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Leonard,* 828 F.2d at 294. To sustain the burden, the nonmoving party must produce evidence which would be admissible at trial. *Anderson,* 477 U.S. at 255, 106 S.Ct. at 2513–14; *Thomas v. Price,* 975 F.2d 231, 235 (5th Cir.1992) ("To avoid a summary judgment, the nonmoving party must adduce admissible evidence which creates a fact issue....").

### III.

■ Defendants Griffith, Willis, and Wynn each claim they should be dismissed from this suit because they are not employers under the statutory definition of the term and thus cannot be subject to Title VII liability. An "employer" is defined under Title VII as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person...." 42 U.S.C. § 2000e(b). While it is true that during the alleged discriminatory incident all three Defendants worked in supervisory positions and presumably as SCI's agents, Defendants nonetheless maintain that they are not proper parties to this suit. First, Defendants claim that there is no reason to utilize *respondeat superior* principles to hold SCI and Guardian Plans liable when both corporations are already named as defendants. Secondly, Defendants argue that Title VII prohibits the imposition of liability on individuals acting in their individual capacities. Defendants conclude that because Thompson is not statutorily entitled to relief against any defendant individually and the corporate Defendants' presence in this lawsuit ensures Thompson will obtain a full recovery if liability is found to exist, dismissing Griffin, Willis and Wynn from this suit is therefore proper. Defendants are correct.

■ In *Busby v. City of Orlando,* the court held that the proper method for a plaintiff to recover under Title VII is to sue the employer, either by naming the supervisory employee as agent of the employer or by naming the employer directly. 931 F.2d 764, 772 (11th Cir.1991); *see also Grant v. Lone Star Co.,* 21 F.3d 649, 652 (5th Cir. 1994) *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994). The purpose behind Congress including an entity's agents within the definition of "employer" was to incorporate *respondeat superior* liability into Title VII and not to expand the scope of Title VII liability to include individuals who do not otherwise qualify as employers under the statute. *Grant,* 21 F.3d at 652; *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 584 (9th Cir.1993) *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994). In *Grant v. Lone Star Co.,* the Fifth Circuit specifically stated that, under the plain language of Title VII, relief was intended to be against the *employer* and not against the individual employees whose actions constituted the complained of Title VII violation. 21 F.3d at

652–53. As a result, the *Grant* court refused to permit the imposition of liability upon the plaintiff's manager in his individual capacity unless it could first be shown that he met Title VII's definition of employer. *Id.; see also Garcia v. Elf Atochem North America,* 28 F.3d 446, 451 n. 2 (5th Cir.1994).

When, as in this case, the corporate entity is sued directly, it becomes unnecessary for the plaintiff to utilize *respondeat superior* principles to obtain the relief she is entitled to if a Title VII violation if found. *Busby,* 931 F.2d at 764. Therefore, Griffith, Willis, or Wynn do not have to be joined as defendants to hold SCI or Guardian Plans liable for its allegedly discriminatory conduct. Further, there is no other legitimate reason for having Griffith, Willis, or Wynn as a part of this suit. Suit cannot be brought against employees in their individual capacities under Title VII and there has been no evidence to suggest that Griffith, Willis, or Wynn are "employers" under Title VII's definition of the term. Accordingly, the Court finds Defendants Griffith, Willis, and Wynn are entitled to summary judgment and should be dismissed from this suit.

## IV.

■ In a separate motion, Defendants, SCI and Guardian Plans, argue summary judgment is appropriate as to Thompson's substantive claim as well. Defendants claim that suit was untimely filed and is thus time barred. Plaintiff filed a charge of discrimination against Defendants with the EEOC on June 21, 1990. The EEOC issued a right to sue notice on September 11, 1992. The EEOC did not reconsider the dismissal of Thompson's charge nor did it revoke the September 11 right to sue notice. A second right to sue notice, however, was inadvertently issued on February 1, 1995. The EEOC revoked this second notice on May 2, 1996.

Thompson filed this action on May 2, 1995, within the prescribed period for filing suit on the second notice but clearly after her right to sue on first notice had been lost. Thompson argues that while suit would be barred if the limitations period began to run after her receipt of the first notice, equity requires she be given an opportunity for a determination on the merits of her claim. She requests the Court to disregard the first notice on equitable grounds and instead use the date the second right to sue notice was received to determine that suit was timely filed.

■ Title VII provides that after EEOC's dismissal of a charge, the EEOC "shall so notify the person aggrieved and within ninety days after the giving of the notice a civil action may be brought against the respondent named in the charge." 42 U.S.C. § 2000e–5(f)(1). The ninety-day requirement is akin to a statute of limitations and the failure to act within this time period precludes later action, barring an equitable reason for extending the time for filing. *Espinoza v. Missouri Pacific Railroad Co.,* 754 F.2d 1247, 1248 n. 1 (1985); *Way v. Mueller Brass Co.,* 840 F.2d 303, 306 (5th Cir.1988); *see also Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 149–52, 104 S.Ct. 1723, 1723–26, 80 L.Ed.2d 196 (1984) (holding doctrine of equitable tolling may be applied to toll ninety day period for filing suit under Title VII). As Thompson has offered no authority supporting her request for this Court to equitably disregard the first right to sue notice, the Court will analyze her request under the doctrine of equitable tolling.

The United States Supreme Court in *Baldwin County Welcome Center v. Brown,* identified circumstances under which equitable tolling should be recognized. The Court held that equitable tolling is proper "where a claimant has received inadequate notice; where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; where the court has led the plaintiff to believe that she had done everything required of her.... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Baldwin,* 466 U.S. at 151, 104 S.Ct. at 1725–26 (citations omitted). The Fifth Circuit in *Chappell v. Emco Machine Works Co.,* discussed other possible bases for tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's unawareness of facts giving rise to a claim because the defendant had intentionally concealed their existence;

and (3) the EEOC's misleading the plaintiff about the nature of her rights. 601 F.2d 1295, 1302–03 (5th Cir.1979).

The grounds for tolling identified by the *Baldwin* and *Chappell* courts are not exhaustive and the plaintiff's inability to satisfy the requirements of either *Baldwin* or *Chappell* will not necessarily be fatal to her claim. *Wilson v. Dep't of Veterans Affairs,* 65 F.3d 402, 404 (5th Cir.1995). However, it is clear that the plaintiff must exercise due diligence in preserving her legal rights to be entitled to invoke equitable principles to save a claim from being time barred. *Baldwin,* 466 U.S. at 151, 104 S.Ct. at 1725–26 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."); *Wilson,* 65 F.3d at 404–05 ("[W]e 'have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.' ") (*quoting Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990)).

Thompson's first argument for equitable tolling centers around what she claims was her lack of actual notice as to the EEOC's determination on her claim. Thompson asserts in her response that she does not recall receiving the first right to sue notice and even if she had, she was under the impression that her lawyers would file suit, without her involvement, within the required time period. According to Thompson, this inability to recall receiving the first notice, along with her justifiable reliance on her lawyers to take all steps necessary to preserve her claim provides a suitable reason for the Court to equitable extend the limitations period until her receipt of the second right to sue notice. The Court does not agree.

Generally, it is presumed that a mailed document is received three days after its mailing. *See Baldwin,* 466 U.S. at 148, n. 1, 104 S.Ct. 1723 n. 1; *Sherlock v. Montefiore Medical Center,* 84 F.3d 522, 525 (2d Cir. 1996). It is also normally assumed, absent objection, that a notice issued by a government agency was mailed on the date shown on the document. *Sherlock,* 84 F.3d at 526. These presumptions are not, however, irrebuttable and Thompson may, with competent

evidence, prove that she did not receive the letter, or that it took longer to reach her address than initially presumed. *Id.*

Thompson has presented no evidence to rebut the presumption that the notice was received three days after it was mailed. Ironically, the evidence she has produced supports the opposite position—that the letter was in fact received but simply ignored. Thompson testified that she vaguely remembered receiving the letter but did not understand what it meant and assumed her lawyers would do what was legally required to protect her interests. Thompson's claimed reliance on counsel, however, cannot excuse her failure to timely file suit when the reason offered for tolling is "at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990); *cf. Wilson,* 65 F.3d at 404 (holding counsel's inaction and unexplained failure to protect client's rights does not justify extending the limitations period). The Court also finds that Thompson's inaction is even more intolerable in light of the explicit language used in the right to sue notice. The notice plainly states that "the Charging Party may only pursue this matter by filing suit against the Respondent(s) named in the charge within 90 days of receipt of this letter. Otherwise, the Charging Party's right to sue will be lost." Upon her receipt of the notice, Thompson should have been aware that suit needed to be filed within ninety days and her inability to recall receiving the notice or her apparent dependence on her lawyers does not justify extending equity to her claim.

Furthermore, as stated by the United States Supreme Court in *Baldwin,* "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." 466 U.S. at 151, 104 S.Ct. at 1726. Clearly, due diligence in this case requires Thompson to have exerted a greater effort in preserving her rights. *See Christopher v. General Motors Parts Division,* 525 F.Supp. 634, 636 (E.D.Mich.1981) (holding plaintiff's claimed lack of understanding about how to proceed with a federal lawsuit did not justify tolling the limitation period for filing suit).

Therefore, this Court finds Thompson's lack of knowledge as to the effect of the right to sue notice and her apparent reliance on counsel does not provide this Court with a sufficient basis to toll the running of the limitations period. *See Wilson,* 65 F.3d at 404.

■ Thompson alternatively argues that equitable tolling is warranted when the EEOC fails to copy counsel on a right to sue notice issued to a client. Thompson, however, has presented no evidence, other than assertions in her responsive papers, to indicate that the EEOC was, first, even aware that Thompson had retained counsel or secondly, notified of counsel's request to be copied on EEOC correspondence. Furthermore, in a case directly on point, the court in *Ball v. Abbott Advertising Inc.* flatly rejected the very same argument and held that a failure by the EEOC to copy counsel on a right to sue letter does not prevent the ninety day limitations period from running. 864 F.2d 419, 421 (6th Cir.1988). This Court agrees and declines to find the EEOC's alleged oversight as an adequate basis for equitable tolling.

Finally, Thompson argues that equitable tolling is proper because to action on the part of the EEOC led her to believe that suit on the first notice was unnecessary. She claims that her failure to file suit stems directly from her belief that the EEOC intended her charge to be considered with charges filed by the telemarketers so that suit could be brought by the EEOC on behalf of the combined group. She also claims she was informed that the first right to sue notice was issued by mistake and that it was EEOC's intention to have it revoked to clear any confusion its inadvertent issuance may have created. Thompson bases her position on a letter she wrote to the EEOC in June of 1990 requesting that her charge be consolidated with the other filed charges and telephone conversations between her attorney and EEOC's regional counsel, Jim Sacher.

Thompson's argument that the EEOC's conduct somehow mislead her and affirmatively contributed to her failure to file suit is unconvincing. On January 25, 1991, Thompson's attorney received a letter from the EEOC essentially stating that Thompson's claim was not included with the telemarketers' claims and was, instead, being considered separately. Almost a year and a half later, on September 11, 1992, Thompson received the EEOC's determination on her charge and her right to sue notice. If there was still doubt regarding the status of her claim, Thompson, should have, in the exercise of due diligence, inquired further into the matter or, at the very least, notified her lawyer that the right to sue notice had been received. *See Baldwin,* 466 U.S. at 151, 104 S.Ct. at 1725–26. From the evidence presented, this Court cannot reasonably infer that Thompson's failure to file suit was due to her erroneous belief that her claim had been consolidated with the telemarketers' claims. *See Cook v. Providence Hosp.,* 820 F.2d 176, 179 (6th Cir.1987) (holding summary judgment is appropriate when there is only one reasonable conclusion that can be drawn from the record).

■ Furthermore, none of the evidence proffered by Thompson even remotely suggests that the manner in which the EEOC handled Thompson's claim caused or contributed to Thompson's failure to timely file suit. *See Salamat v. Village Inn Pancake Houses, Inc.,* 757 F.Supp. 1318, 1320 (W.D.Okla.1991) (holding an aberrancy in the EEOC process which could be directly linked to plaintiff's failure to timely file suit justified equitable tolling). Conversation between Thompson's lawyer and Mr. Sacher, wherein it is alleged that Mr. Sacher stated the first notice was sent in error, occurred in February of 1995, well after the ninety day limitations period on the first notice had expired. Thus, Thompson cannot possibly claim her failure to timely file suit in 1992 was in any way connected to statements made by Mr. Sacher in 1995. Besides, the EEOC's authority to revoke a previously issued right to sue notice is limited to only those situations where the EEOC notifies each party of its intent to reconsider dismissal within ninety days of issuing the right to sue notice. *Lute v. Singer Co.,* 678 F.2d 844, 846 (9th Cir.1982); *see also Dougherty v. Barry,* 869 F.2d 605, 611 (D.C.1989); *cf. Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 246 (5th Cir.1980) (holding EEOC has limited authority to issue

a second right to sue notice and can only do so when a notice of reconsideration is issued before the expiration of the original limitations period). The EEOC did not issue a notice of intent to reconsider in this case. Therefore, because the original notice was not properly revoked, Thompson cannot claim that her right to sue was revived by the issuance of the second notice.

In addition, Defendants have produced a letter from Mr. Sacher, dated May 2, 1996, which states that the second right to sue notice was issued in error and that Thompson should consider it thereby revoked. Every indication appears to be and the evidence supports the conclusion that the EEOC, while processing the telemarketers' charges, issued the second right to sue notice to Thompson by mistake. This apparent oversight by the EEOC, however, could not possibly have prevented Thompson from timely filing suit after the issuance of the first right to sue notice in September of 1992. Therefore, the Court concludes that Thompson's request for equitable revocation of the first right to sue notice or alternatively, equitable tolling of the limitations period cannot defeat Defendants' otherwise properly supported motion for summary judgment.

## V.

Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment by the individual Defendants and Defendants' Motion for Partial Summary Judgment as to Plaintiff Sherry Thompson's Claim.

**THIS IS A FINAL JUDGMENT.**