**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 97-20214

Summary Calendar

MARY DAVIDSON, <u>ET AL</u>., Plaintiffs

SHERRY THOMPSON, Plaintiff-Appellant

VERSUS

GUARDIAN PLANS, INC., <u>ET AL</u>., Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas, Houston Division

(H-95-CV-1353)

November 19, 1997

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant, Sherry Thompson, filed a charge of discrimination with the EEOC on June 21, 1990 against Defendant-appellee Service Corporation International (SCI). On September 11, 1992, the EEOC issued a determination and right to sue notice. Thompson did not request review of this dismissal nor did the EEOC

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue a notice of intent to reconsider Thompson's charge. Although the earlier right to sue notice had not been revoked, a second right to sue notice was issued by the EEOC on February 1, 1995. This second notice was subsequently revoked. On May 2, 1995, Thompson filed suit against Guardian Plans, Inc., SCI, Kenneth Griffin, David Willis, and Garrison Wynn pursuant to the Civil Rights Act of 1964, codified as 42 U.S.C. § 2000e et seq. Thompson alleged disparate treatment and retaliation.

On October 22, 1996, the district court granted summary judgment on Thompson's claims in favor of all the defendants. With regard to the the individual defendants, the district court reasoned a Title VII suit cannot be maintained against employees in their individual capacities and no evidence existed indicating that Griffin, Willis, or Wynn were "employers" as defined by Title VII. Summary judgment was granted in favor of the remaining defendants as Thompson's suit was not filed within the 90-day filing period provided for in 42 U.S.C. § 2000e-5(f)(1) and no grounds under the doctrine of equitable tolling existed for extending the filing period. On appeal, Thompson argues that the district court erred in finding her suit was not timely filed.

We have carefully reviewed the briefs, the record excerpts, and the relevant portions of the record itself. We affirm for substantially the same reasons stated by the district court. AFFFIRMED.

2