United States Court of Appeals,

Fifth Circuit.

No. 93-2123.

Paula Jo GRANT, Plaintiff-Appellee,

v.

LONE STAR COMPANY, B.L. Watson, et al., Defendants,

Mitchel L. Murray, Defendant-Appellant.

May 27, 1994.

Appeal from the United States District Court for the Southern District of Texas.

Before KING and SMITH, Circuit Judges, and KENT,[*] District Judge.

JERRY E. SMITH, Circuit Judge:

Mitchel Murray appeals a judgment finding him liable for backpay damages under title VII of the Civil Rights Act of 1964 for sexually harassing Paula Jo Grant. Because title VII does not provide for liability against individual employees who do not otherwise qualify as employers, we reverse and render.

I.

A.

Grant began work with the Lone Star Company ("Lone Star") as a sales representative on March 26, 1984. She worked at the Houston branch from then until her resignation on October 14, 1988. Mitchell Murray became Branch Manager of the Houston branch of Lone Star on May 1, 1985.

The district court found that while at the Houston branch,

_____

[*]District Judge of the Southern District of Texas, sitting by designation.

1

Grant was subject to frequent sexual harassment, including sexually explicit jokes and cartoons, comments about her body, clothing, and personal appearance, lewd comments, and suggestive noises, all of which had the effect of making her the center of male attention because of her sex. Sexually explicit language, jokes, and remarks were directed at other female employees at her office. Pictures of nude women, including an employee, were posted on the office walls and were passed around among employees, including supervisors. With Murray's approval, visitors were permitted to make sexually explicit jokes at sales meetings.

Grant was subjected to sexually suggestive conduct by male employees and descriptions of sexual conduct by fellow employees and supervisors. She also was subjected to crude, hostile, and intimidating remarks that were belittling to women in general, and to her in particular. The district court also found that Murray participated in these activities and that the behavior of Murray and other defendants had the effect of creating a hostile work environment that affected a term or condition of Grant's employment in violation of title VII.

## B.

In August 1988, Grant filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The only listed respondent in the discrimination charge was Lone Star. Murray was not listed as a respondent and was not identified in the body of the charge.

Grant obtained a right-to-sue letter and filed suit in June,

1989, against Lone Star, B.L. Watson, M.A. Petsch, Edward C. Thomas, Jay Clayton, Ben A. Lanford, Jr., Murray, Keith Overstreet, William P. Middleton, Dennis Thomlinson, Tombo S. Faver, and Quality Beverage Co., Inc. Grant claimed that defendants discriminated against her because of her sex, subjected her to sexual harassment and a hostile work environment, and retaliated against her for having opposed unlawful employment practices and for having filed a charge and for having participated in an investigation or proceeding in violation of title VII. She also asserted a number of violations of state tort and contract law. She sought recovery from the principal stockholders of Lone Star; injunctive relief against Quality Beverage Company, which had purchased the assets of Lone Star; and backpay, reinstatement, compensatory and punitive damages, and attorneys' fees.

After a jury trial, all defendants but Murray were found not liable. The court held that Murray was liable for sexual harassment not as an employer, but personally because he participated directly and engaged in acts in addition to condoning and encouraging the acts of other workers that contributed to a hostile working environment. The court ordered Murray to pay Grant backpay of $5,905 and directed Murray and Faver to pay $62,500 in attorneys' fees and $4,678.74 in expenses.

## II.

Murray contends that the district court erred by rendering judgment against him in his individual capacity for backpay damages

3

under title VII.[1]  He contends that as a matter of law, backpay awards under title VII cannot be assessed against individuals who do not otherwise qualify as employers.[2]

Under title VII, an "employer" may not discriminate on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  An "employer" includes any "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks...." *Id.* § 2000e(b).  For purposes of title VII, "The term "person' includes one or more individuals...."  42 U.S.C. § 2000e(a).  Because Murray is not an "employer" under title VII, the district court erred by holding him individually liable for harassing Grant.

A.

In this circuit, we have addressed only the issue of whether a *public* employee should be exempt from liability for employment discrimination.  We have refused to impose liability for backpay on

---

[1]Murray also contends that he cannot be held liable as a matter of law because he was not named in the charge of discrimination filed with the EEOC.  We need not reach this issue.

[2]Grant contends that Murray is estopped from contesting the issue of individual liability because he admitted otherwise at trial.  Judicial estoppel applies where a party tries to contradict in a second lawsuit his sworn statement in previous litigation.  It is intended to protect the integrity of the judicial process, avoid inconsistent results, and prevent litigants from playing fast and loose in order to secure an advantage.  *See United States ex rel. Am. Bank v. C.I.T. Constr.,* 944 F.2d 253, 258-59 (5th Cir.1991);  *Brandon v. InterFirst Corp.,* 858 F.2d 266, 268 (5th Cir.1988).  Murray denied the propriety of individual liability in the amended pre-trial order, his amended answer, and his motion for directed verdict.  Thus, judicial estoppel is not appropriate.

individual public employees.  Grant offers no persuasive argument why Congress would not have intended to protect private employees, as well, from individual title VII liability.[3]

In *Clanton v. Orleans Parish Sch. Bd.,* 649 F.2d 1084 (5th Cir. Unit A July 1981), this court held that the board's maternity leave policy violated title VII, but refused to impose liability for backpay on the individual defendants because it could "find no authority for holding public officials personally liable for backpay under Title VII," *id.* at 1099, and its "research [had] failed to uncover a single case in which a public official has been held personally liable for backpay under Title VII," *id.* at 1099 n. 19.  In particular, the court noted that title VII makes "employer[s]" responsible for backpay damages, whereas 42 U.S.C. § 1983 applies specifically to "person[s]." *Id.*  Only "employers," not individuals acting in their individual capacity who do not otherwise meet the definition of "employers," can be liable under title VII.

Grant argues that *Clanton* is merely an example of the longstanding practice of treating public officials differently from private citizens.  This argument does not square with the rationale of *Clanton,* which relies upon the language of title VII, contrasting it with § 1983's creation of a right to damages against "persons."  The public employees in *Clanton* were excluded from liability because title VII does not include non-employer

---

[3]Presumably private employees still could be liable for violations of state tort and contract law, such as intentional infliction of emotional distress.

individuals, regardless of whether they work for a private or public body. *Id.*

In *Harvey v. Blake,* 913 F.2d 226, 227-28 (5th Cir.1990), we also implied that a title VII plaintiff cannot recover against a public employee in his individual capacity. *See also Weiss v. Coca-Cola Bottling Co.,* 772 F.Supp. 407, 411 (N.D.Ill.1991) (interpreting *Harvey* as holding supervisor liable as employer's agent only in official capacity), *aff'd,* 990 F.2d 333 (7th Cir.1993). In *Harvey* we also specifically rejected a reading of *Hamilton v. Rodgers,* 791 F.2d 439 (5th Cir.1986), that would permit personal liability for damages under title VII.

Other circuits have held that public employees may not be personally liable for backpay damages under title VII. In *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991), for instance, the court held that the relief granted under title VII is "against the *employer,* not against the individual employees whose actions constituted a violation of [Title VII]." The court stated that the proper method for a plaintiff to recover under title VII is to sue the employer, either by naming the supervisory employee as agent of the employer or by naming the employer directly. *Id.* Nothing in *Busby* suggests that its rationale should be limited to the context of public employees.

The Ninth Circuit has also determined that public employees may not be assessed backpay liability under title VII. *Padway v. Palches,* 665 F.2d 965 (9th Cir.1982). The court noted that title VII identifies unlawful practices only by the employer, not

6

officers or employees of the employer, and that backpay awards should be paid by the employer. *Id.* at 968.

In *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 584 (9th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 1049, --- L.Ed.2d ---- (1994), the court extended this rule to private employers. Defendants were employees of a restaurant and its corporate owner. The plaintiff alleged that she was discriminated against because of her sex and age and sought to hold the defendants personally liable for their actions. The court rejected her claim, noting, "Because Congress assessed civil liability only against an employer under Title VII, ... "individual defendants cannot be held liable for back pay.' " *Id.* at 587 (quoting *Padway,* 665 F.2d at 968). The court also rejected the notion that "supervisory personnel and other agents of the employer are themselves employers for purposes of liability." *Id.*

The definition of the term "employer" in § 2000e(b) does not include individuals who do not otherwise qualify as employers under the statute. In *Miller,* the court observed that the purpose of the "agent" provision in § 2000e(b) was to incorporate *respondeat superior* liability into title VII. The court found no reason to stretch the liability of individual employees beyond the *respondeat superior* principle intended by Congress.

The court also noted that the statutory scheme of title VII indicated that Congress did not intend to impose individual liability on employees. Title VII limits liability to employers with fifteen or more employees, because Congress "did not want to

7

burden small entities with the costs associated with litigating discrimination claims" and wanted "to protect small entities with limited resources from liability." *Id.* Thus, the court found it "inconceivable that Congress intended to allow civil liability to run against individual employees," the smallest of legal entities. *Id.* Finally, the *Miller* court suggested that had Congress envisioned liability for non-employer natural persons, it would have included it in its recent amendments to title VII under the Civil Rights Act of 1991. *Id.* at 587 n. 2.

We find no reason to limit the rationale of *Clanton* and *Harvey v. Blake* to the realm of public employee disputes. Thus, we conclude that title VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of "employer."

### B.

The structure of title VII also indicates that Congress did not intend natural persons who are not employers to be held liable for backpay awards. Section 2000e-2 prohibits various types of discrimination by an "employer." The statute defines an employer to include any agent of an employer. *Id.* at § 2000e(b). Damages available under title VII include reinstatement with or without backpay and are to be paid by the employer, employment agency, or labor organization responsible for the unlawful employment practice. 42 U.S.C. § 2000e-5(g)(1).

Murray contends that the type of damages available under title VII indicates that individual employees who are not employers are

8

not intended to be held responsible for backpay damages. For instance, under title VII, equitable damages, including reinstatement and back pay, are recoverable. These types of damages can be obtained only from the employer. *See Weiss,* 772 F.Supp. at 411.

Grant contends that an agent with authority to hire, fire, and discipline also has the power of reinstatement, promotion, and correction of employment records. She concludes that all remedies available under the act should apply to those with the full power to act in the stead of the principal employer. Her contention proves too much. Not all agents have the power to hire and fire, yet title VII contemplates employer liability for their behavior because they are agents. Thus, Grant's reading would require us to treat some employees as both an employer and an employee. We reject this illogical reading. Instead, as the Ninth Circuit noted in *Miller,* title VII contemplates liability for the employer, which has the ability to discipline the employee. *Miller,* 991 F.2d at 588.

The absence, from the list of potentially liable parties, of individuals who do not otherwise meet the requirements of a title VII employer also suggests that Congress did not intend to include such natural persons. Among the various parties subject to liability listed in § 2000e-5(g)(1), Congress could have made the individual employee committing or engaging in the discriminatory acts liable for damages. It did not. In § 2000e-2, Congress could have provided that an individual employee is prohibited from

engaging in discriminatory conduct. Instead, only an individual meeting the definition of "employer" is so prohibited.

As we have noted, Congress has proscribed conduct by "persons" in other statutory schemes. *See* 42 U.S.C. §§ 1981, 1983, 1985, 1986. The absence of specific language making a non-employer individual liable for these damages, when Congress has included such language in other contexts, indicates that Congress did not intend to impose individual liability for backpay damages under title VII, unless the individual meets the statutory definition of "employer." In sum, there is no indication anywhere in title VII that Congress intended to impose individual liability in such a circumstance.

## III.

Based upon analogous caselaw and the structure of title VII, we conclude that individuals who do not otherwise qualify as an employer cannot be held liable for a breach of title VII. Because the district court erroneously held Murray liable for damages in his individual capacity, we REVERSE the judgment against him, as well as the attorneys' fees award, and RENDER judgment in favor of Lone Star.

10