**Charles Louis EVANS, Jr.**

v.

**NORTH STREET BOXING CLUB, et al.**

**No. Civ.A. 1:99–0929.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

Dec. 16, 1999.

Katherine Tonnas, New Orleans, LA, for Charles Louis Evans.

Cleo Fields, Michael C. Guy, Baton Rouge, LA, for North Street Boxing Club, Inc., Ben D. Johnson.

Ronald E. Corkern, Jr., Corkern & Crews, Natchitoches, LA, for Billy L. West, Jr., Edward Ward, Jr.

## RULING

LITTLE, Chief Judge.

Before the court is defendants Billy West, Jr.'s and Edward Ward, Jr.'s joint motion to dismiss under Rule 12(b)(6), or, alternatively for summary judgment under Rule 56 and for attorneys fees. For the following reasons, the court GRANTS Ward's and West's motion for summary judgment and for attorneys fees.

### I. Background

Plaintiff Charles Louis Evans, Jr. ("Evans") filed this suit on 24 May 1999 against defendants North Street Boxing Club ("NSBC"), Billy West, Jr. ("West"), Ben D. Johnson ("Johnson"),[1] and Edward Ward, Jr. ("Ward") in forma pauperis pursuant to Title VII of the Civil Rights Act of 1964, § 703(a)(1), 42 U.S.C. § 2000e *et seq.* (1994).[2] At the time of the alleged sexual harassment giving rise to this action, Evans worked as the executive director of North Street Boxing Club where his responsibilities included managing, promoting, and performing general managerial duties for NSBC.[3] In his complaint, Evans claims that he was sexually harassed by defendant Ward from April 1998 through August 1998. Evans states that during that period, Ward made unwelcome sexual advances to him at Ward's house, and on other occasions made lewd comments to him, and repeatedly asked sexually explicit questions of him.

Evans names Ward as a defendant because of his direct role in harassing him. Evans also claims that West was responsi-

---

1. This court dismissed Johnson from this suit on 12 October 1999.

2. After filing a complaint with the Equal Employment Opportunity Commission ("EEOC"), plaintiff received notice of the right to sue in his individual capacity on 24 July 1999.

3. We note some discrepancy between Evans and Johnson's pleadings regarding when Evans began employment with North Street Boxing Club. Evans states that he began full-time employment in August of 1997, Johnson and North Street Boxing Club assert that Evans did not begin employment until 15 November 1997.

ble for Ward's sexual harassment in his capacity as secretary of NSBC. In addition, Evans brings this case against NSBC for allowing the alleged sexual harassment to continue and for deducting unauthorized amounts from his paycheck at the direction of Johnson, West, and Ward in retaliation for Evans' refusal to submit to Ward's alleged sexual advances. In addition, Evans claims that he was intimidated, humiliated, embarrassed, fearful, and emotionally distressed in his work environment, and was ultimately terminated because he did not welcome Ward's sexual advances. Evans asks for reasonable compensatory damages, punitive damages, and attorneys fees from Ward and West.

On 28 September 1999, Ward and West filed a joint motion to dismiss pursuant to Rule 12(b)(6) or for summary judgment under Rule 56. In their motion, Ward and West assert that this court should dismiss Evans' complaint against them because: (1) they are not "employers" within the meaning of 42 U.S.C. § 2000e; (2) NSBC is not an employer with 15 or more employees, precluding Evans from bringing a Title VII action; and, (3) Ward and West were not named in the EEOC complaint, thereby insulating them from Evans' civil liability claim.

In support of their motion, Ward and West each submit an affidavit. Ward's affidavit states that he has never been an employee, officer or director of NSBC, but was instead an officer and employee of Winnfield Life Insurance Company.[4] Ward further swears that he has never had supervisory authority over NSBC nor any power to hire or fire NSBC employees. In his affidavit, West states that he is a director of NSBC and attests that NSBC is an independent corporate entity that has never employed fifteen or more employees. West also asserts that he never discriminated against Evans, never personally employed Evans, and has never had the power to hire or fire any employee at NSBC.

---

4. Winnfield Life Insurance Company is a Louisiana corporation owned by Ben D. Johnson.

## II. Analysis

Ward and West title their motion as a motion to dismiss pursuant to Rule 12(b)(6). The memorandum in support of the motion, however, is titled as a motion for summary judgment. Where, as here, "'matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.'" *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir.1999) (quoting Fed.R.Civ.P. 12(b)(6)); *see Fernandez–Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 283 (5th Cir.1993). In this case, Ward and West present affidavits attesting to their relationship to NSBC, excerpts from Evans' EEOC Charge, and a copy of the EEOC's Dismissal and Notice of Rights form pertaining to Evans' case. As these materials are extraneous to the pleadings, we treat the defendants' motion as one for summary judgment.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. In making its determination, the court must draw all justifiable inferences in favor of the nonmoving party. *See id.* at 255; 106 S.Ct. at 2513. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986), the non-mov-

---

Edward Ward, Jr. was an employee of Winnfield but never of NSBC.

ant must come forward, after adequate time for discovery, with "specific facts" showing a genuine factual issue for trial. *See* Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### A. *Title VII's Definition of "Employer"*

■ A plaintiff may bring a suit under Title VII only against individuals or entities who fulfill the definition of "employer" laid forth in the statute. *See Grant v. Lone Star, Co.*, 21 F.3d 649, 653 (5th Cir. 1994). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b). Even assuming NSBC itself qualifies as an "employer" subject to Title VII liability,[5] Ward and West would not be individually liable for any alleged

sexual harassment that took place. As this court discussed previously in addressing Ben Johnson's motion to dismiss, the Fifth Circuit has joined the D.C. Circuit, Second Circuit, Seventh Circuit, and Eleventh Circuit in holding that employees, including officers and directors, may not be held liable in their individual capacities under Title VII. *See Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir.1999); *Garcia v. Elf Atochem North America*, 28 F.3d 446, 450–51 (5th Cir. 1994), *abrogated on other grounds by Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); *Grant*, 21 F.3d at 653.[6]

In his affidavit in support of the parties' motion for summary judgment, Ward contends that he has never been an employee, officer, or director of NSBC. In that case, Ward obviously would not be liable for sexual harassment of Evans under Title

---

5. In his opposition to defendants' motion for summary judgment, Evans briefly alleges that under the integrated enterprise theory, NSBC may be a statutory employer when linked with Winnfield Life Insurance Company ("Winnfield"). Whether NSBC qualifies as an employer is beyond the scope of the motion before the court. This court does think it worthy to note, however, that there is a genuine issue remaining as to whether NSBC and Winnfield are related enterprises.

To determine whether a corporation is related to an employer under Title VII, this court uses a four-part test. *See Skidmore v. Precision Printing and Packaging, Inc.*, 188 F.3d 606, 616 (5th Cir.1999) (citing *Radio and Television Broadcast Technicians Local Union 1264 v. Broadcast Service*, 380 U.S. 255, 257, 85 S.Ct. 876, 877, 13 L.Ed.2d 789 (1965)); *Trevino v. Celanese Corp.*, 701 F.2d 397 (5th Cir.1983). " 'Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control.' " *Skidmore*, 188 F.3d at 616–17 (quoting *Trevino* 701 F.2d at 404). The second factor is considered the most important and courts have focused their analysis "almost exclusively on one question: which entity made the final decisions regarding employment matters relating to the person claiming the discrimination." *Id.* at 617.

Evans essentially seeks to link NSBC with Winnfield Life Insurance Company, a corporation owned by Ben D. Johnson, in order to show that the two entities, when combined, have an employee base of fifteen or more employees. According to defendants, Winnfield is not in any way related to NSBC, aside from the fact that Ward, as a director of Winnfield, occasionally gratuitously provided services to NSBC. Exhibits attached to Evans' opposition to defendants' motion to dismiss contain evidence that NSBC was closely associated with Winnfield Companies. Although we express doubt that Winnfield and NSBC are sufficiently related to constitute one entity, we think it premature to dismiss this entire suit at this point. *See* Pl.'s Opp'n to Defs.' Mot. for Summ.J., Ex. C (letter from West to Charlotte Hokkanen of the EEOC) (insisting that Winnfield and NSBC are wholly separate entities because, among other reasons, no employees of Winnfield work for NSBC, and Winnfield's personnel policies are completely separate from NSBC's).

6. There is a circuit split over this issue. For other circuit court cases holding that an individual may not be liable under Title VII see *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995); *Gary v. Long*, 59 F.3d 1391 (D.C.Cir. 1995); *Miller v. Maxwell's Intl., Inc.*, 991 F.2d 583 (9th Cir.1993); *Busby v. City of Orlando*, 931 F.2d 764 (11th Cir.1991).

VII. Evans insists, however, that because Ward was an officer of Winnfield Corporation, Ward is liable for sexual harassment because NSBC and Winnfield are essentially the same enterprise. Whether this is the case is irrelevant. Even if Ward was an employee, officer, or director of NSBC, he still could not be held liable for his actions under Title VII, a statute which is intended to hold the *employer* liable for acts of sexual harassment. *See Indest,* 164 F.3d at 262; *Grant,* 21 F.3d at 653. Congress's purpose in extending the definition of an employer to encompass an "agent" in section 2000e(b) was simply to incorporate respondeat superior liability into Title VII, not to provide for individual liability. *See Grant,* 21 F.3d at 652; *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583, 587 (9th Cir.1993). Moreover, under Title VII a "[p]laintiff is not entitled to maintain an action against both a corporation and its agent in an official capacity [in a Title VII action] because effectively the corporation could be held liable twice for the same act." *Indest,* 164 F.3d at 262. Evans therefore may not bring his Title VII claim against both the individual defendants and NSBC.[7] We conclude that movants are entitled to summary judgment because Ward and West cannot be held liable for sexual harassment under Title VII regardless of their relationship as possible employees, officers, or directors of NSBC.

In his memorandum in opposition to Ward's and West's motion for summary judgment, Evans renews the argument rejected by this court in ruling on defendant Johnson's motion to dismiss, that this court should "pierce the corporate veil" and find Ward and West personally liable because they ignored corporate formalities. Evans has presented nothing in his opposition to the motion presently before the court that convinces the court to alter its earlier conclusion that Evans may not pierce the corporate veil at this time.[8]

### B. *Request for Attorneys Fees*

█ Ward and West ask this court to grant attorneys fees for legal expenses they incurred in bringing this motion for summary judgment pursuant to 42 U.S.C. § 2000e-5(k) (stating that the court, in its discretion, may allow the prevailing party a reasonable attorney fee). While prevailing plaintiffs are entitled to attorneys fees, unless the award is rendered unjust by special circumstances, prevailing defendants are only entitled to attorneys fees when the plaintiff's underlying claims are frivolous, vexatious[9], unreasonable, or groundless. *See Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); *Coats v. Pierre,* 890 F.2d 728, 733 (5th Cir.1989) (citing *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978)).

█ Any inspection of Fifth Circuit jurisprudence on individual liability under Title VII would have revealed that Ward and West cannot be held individually liable under Title VII for any sexual harassment that may have occurred. *See, e.g., Indest,* 164 F.3d at 262; *Grant,* 21 F.3d at 653. As the law is clearly established on the issue of individual liability under Title VII, it was unreasonable for Evans to bring a claim against Ward and West under Title VII, entitling them to attorneys fees. In naming these individuals as defendants, Evans has caused them to incur time and

---

7. As we determine that Ward and West may not be hold liable as employers under Title VII, we need not reach defendants' argument that they are exempt from liability under Title VII because they were not named in the EEOC charge.

8. The court refers to the discussion of this issue in its ruling on defendant Johnson's motion to dismiss released 12 October 1999.

9. "[T]he term 'vexatious' in no way implies that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him." *Christiansburg Garment Co. v. Equal Employment Opportunity Commission,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978).

money to dismiss a suit that, under current law, should never have involved them. As such, we GRANT Ward's and West's request for attorneys fees. The court asks Ward and West to submit a judgment to the court suggesting a reasonable attorneys fee award.

### III.

For the foregoing reasons, the court GRANTS movants' motion for summary judgment and for attorneys fees and DISMISSES all claims against defendants Edward Ward, Jr. and Billy West, Jr.

### JUDGMENT

For the reasons given this date, defendant Edward Ward, Jr.'s and Billy West, Jr.'s motion for summary judgment pursuant to Rule 56 and for attorneys fees is GRANTED. The movants are asked to submit an appropriate judgment suggesting a reasonable attorneys fee award. Plaintiff, Charles Louis Evans' complaint is DISMISSED without prejudice as to these two defendants.