IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 26, 2007**

Charles R. Fulbruge III
Clerk

No. 06-30894
Summary Calendar

BRIAN LEWIS

Plaintiff - Appellant

v.

DUANE HARDY; CANDACE DOBBINS; SANDRA HARDY; THADRION
JOHNSON; BEVERLY MOORE

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-652

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Brian Lewis appeals the district court's judgment
dismissing his suit for failure to prosecute pursuant to Rule 41(b) of the Federal
Rules of Civil Procedure. Lewis argues that his suit was erroneously dismissed
because the district court based his failure to prosecute upon an incorrect default
judgment deadline. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 3, 2005, pro se plaintiff-appellant Brian Lewis filed a Title VII sex discrimination complaint in forma pauperis against defendant-appellee, Duane Hardy, general manager of Southern Discount Pharmacy ("Southern Discount"). Lewis subsequently amended his complaint to add Southern Discount employees Candace Dobbins, Sandra Hardy, Thadrion Johnson, and Beverly Moore as additional defendants. At that time, summonses were issued and forwarded to Lewis for the purpose of serving the named defendants, which was accomplished in March of 2005.

The basis for Lewis's Title VII complaint was the termination of his employment from Southern Discount on August 25, 2004, or sometime soon thereafter. Lewis filed a charge of sex discrimination with the Equal Employment Opportunity Commission ("EEOC") against Southern Discount on November 18, 2004. Under the "particulars" section in the charge, he addressed general manager Duane Hardy's allegedly discriminatory actions, but never specifically included Duane Hardy or the other defendants as respondents.

In the charge, Lewis stated that he was subjected to a hostile work environment because of his sex. According to Lewis, Duane Hardy constantly told Lewis that he wanted to replace him with a female. Lewis contends that he was the only male employee at Southern Discount at the time, and that a female was hired to replace him. Lewis also recalled an altercation he had with Duane Hardy on his final day at Southern Discount, in which Lewis alleged he was hit on the back with a piece of paper, poked on the chest and neck, and jerked by the arm and wrist.

After assessing the matter, the EEOC determined that it should discontinue the investigation and dismiss the charge "because it [was] not likely that [its] investigation [would] support the allegations of the charge." On February 16, 2005, the EEOC provided Lewis with a signed dismissal of its

investigation and a notice of his right to file a private suit "against the respondent(s) named in the charge" in federal or state court within 90 days of receipt of the notice.

On March 3, 2005, within the short 90-day statute of limitations, Lewis instituted this action in federal district court against the defendants-appellees, all of whom Lewis contends are employees of Southern Discount. However, Lewis did not include Southern Discount as a defendant. None of the named defendants-appellees ever acknowledged the complaint with an answer or appearance in the district court, nor have they replied to this appeal. On April 13, 2005, the district court ordered that the case be referred to a magistrate judge to handle all pre-trial matters, including evidentiary hearings and submission of findings and recommendations.

On July 21, 2005, after the case had been pending for over 120 days and a review of the record revealed that issue had not been joined as to any of the named defendants, the magistrate judge, in accordance with the local rules, ordered Lewis to show cause, on August 10, 2005, as to why his lawsuit should not be dismissed for failure to prosecute. Lewis appeared before the magistrate judge on the designated date and time, and was specifically instructed to file for default against the named defendants. However, rather than following those instructions, Lewis filed a motion for default against Southern Discount. On August 22, 2005, the magistrate judge issued an order denying Lewis's motion for default judgment against Southern Discount, but granted him until September 16, 2006 to move for the entry of default against the named defendants who were properly served. On December 22, 2005, the magistrate judge submitted to the district court his Report and Recommendation, incorrectly stating that the default judgment deadline given to Lewis was September 16, 2005, and recommending dismissal. Referring to this 2005 date, the magistrate judge reported that the ordered deadline had come and passed,

and that Lewis had not sought entry of default. Therefore, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the magistrate judge recommended that the district court dismiss the action based on Lewis's failure to comply with the court's order and instructions, namely the August 10, 2005 instructions to take a default judgment against the named defendants, and the August 22, 2005 order to move for entry of default judgment by September 16, 2005. The Report and Recommendation also included this warning to Lewis:

> A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

The magistrate judge's Report and Recommendation was filed with the clerk on January 5, 2006.

On January 30, 2006, the district court, after noting Lewis's failure to file any objections to the magistrate judge's Report and Recommendation, adopted the Report and Recommendation and ordered Lewis's suit dismissed for failure to prosecute pursuant to Rule 41(b). FED. R. CIV. P. 41(b). The district court then entered judgment in favor of the defendants-appellees.

## II. DISCUSSION

Lewis argues that the district court committed plain error in dismissing his suit against defendants-appellees based on his failure to prosecute. Specifically, the district court's grounds for dismissing the case were predicated on Lewis's supposed failure to meet the default judgment deadline imposed on

him by the magistrate judge. However, the district court relied on the incorrect September 16, 2005 deadline that the magistrate judge provided in his Report and Recommendation, when in fact, the deadline given to Lewis in the order was a year later, September 16, 2006. Therefore, Lewis contends that he had not yet failed to comply with the magistrate judge's deadline at the time of the district court's judgment on January 30, 2006, so it could not serve as the basis for a failure to prosecute dismissal.

A party's failure to file written objections to a magistrate judge's report and recommendation, within 10 days of being served with a copy, bars that party, except upon grounds of plain error, from attacking on appeal any proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. 1996). Under the plain error standard, "appellate courts have discretion to correct unobjected-to (forfeited) errors that are plain (clear or obvious) and affect substantial rights." Id. at 1424 (internal quotation marks and citation omitted). In exercising that discretion, we "should correct a plain forfeited error affecting substantial rights if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (quoting U.S. v. Olano, 507 U.S. 725, 736 (1993)).

As the district court noted, Lewis did not object to the magistrate judge's Report and Recommendation, which specifically warned Lewis of the consequences that would result from his failure to object. Therefore, it is in our discretion to correct the unobjected-to errors in the Report and Recommendation accepted by the district court that are plain and affect substantial rights. "'Plain' is synonymous with 'clear' or, equivalently, 'obvious.'" Olano, 507 U.S. at 734. In this case, the magistrate judge reported that Lewis's deadline for seeking entry of default judgment against the named defendants was September

5

16, 2005. The actual deadline the magistrate judge gave Lewis in its order was September 16, 2006. Because this September 16, 2006 deadline had not arrived at the time of the district court's judgment, January 30, 2006, Lewis had not yet failed to comply with the court's order. Therefore, the district court did commit plain error by relying on the incorrect September 16, 2005 deadline to conclude that Lewis failed to comply with the court's order and, thus, failed to prosecute his suit.

We now inquire whether this plain error affected Lewis's substantial rights. "[I]n most cases the affecting of substantial rights requires that the error be prejudicial; it must affect the outcome of the proceeding." Crawford v. Falcon Drilling Co., 131 F.3d 1120, 1125 (citing Olano, 507 U.S. at 734-35). In this case, although the plain error led to the dismissal of Lewis's suit for his supposed failure to prosecute, his substantial rights would not be affected. Specifically, Title VII actions may only be brought against the "employer" or a supervisor or agent of the employer in his official capacity. See Hucakbay v. Moore, 142 F.3d 233, 241 (5th Cir. 1998). "[O]ur cases make plain that the term 'employer' does not include a hiring or supervisory official in his personal or individual capacity." Id. (citing Grant v. Lone Star Co., 21 F.3d 649, 651 (5th Cir. 1994)). Lewis brought suit against the employees of Southern Discount, and not his employer Southern Discount. Even assuming that the general manager, Duane Hardy, was a supervisor or agent of Southern Discount, Lewis did not sue Duane in his official capacity. Moreover, the EEOC's right-to-sue notice only permitted Lewis to sue the respondent-employer named in the charge; Southern Discount was the only named respondent-employer. Therefore, even if we were to reverse the district court's judgment for plain error, Lewis's underlying suit against the named defendants-appellees would be dismissed. In sum, because the plain error does not affect the outcome of the proceeding, we will not exercise our discretion to correct the error.

Lewis also argues that he did not receive the magistrate judge's Report and Recommendation until January 31, 2006, after the judgment had been entered by the district court dismissing his case, and therefore, he did not have a chance to object and preserve error for appeal. However, the record provides no evidence to support Lewis's contention. The magistrate judge's Report and Recommendation was filed with the clerk on January 5, 2006, and apparently sent to Lewis that same day.[1]

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.

---

[1] An independent review of the district court's docket revealed that the Report and Recommendation was sent to Lewis, but that it was returned on April 25, 2006, as undeliverable due to an inability to forward to his new address. Lewis has a duty to keep the court apprised of such address changes. Therefore, he is solely responsible for not receiving this document. In fact, the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute. See E.D. LA. CIV. R. 41.3.1E ("Dismissal for Failure to Provide Notification of Change of Address").