# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AMIT SHARMA,                )
    Plaintiff,            )
                                  )
    v.                    )    C.A. No. N18C-01-091 ALR
                                  )
STEVEN WESLEY, et. al.,     )
    Defendants.           )

Submitted: March 14, 2018
Decided: April 17, 2018

***Upon Defendants' Motion to Dismiss***
**GRANTED**

***Upon Plaintiffs' Motion to Amend Complaint***
**GRANTED**

## ORDER AND NOTICE PURSUANT TO RULE 41(e)

Before the Court is a motion to dismiss filed by Defendants Steven Wesley, Geoffrey Klopp, Michael Merson, Janet Durkee, Marc Richman, Jennifer Biddle, Perry Phelps, Carol Evans, Julie Petroff, Christopher Klein, and Robert Coupe (collectively, "Defendants"). Defendants move to dismiss under Superior Court Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing that Plaintiff Amit Sharma ("Plaintiff") fails to state a claim upon which relief can be granted. Plaintiff opposes Defendants' motion but also argues, in the alternative, that he should be granted leave to amend the complaint.

Upon consideration of the facts, arguments, and legal authorities set forth by the parties, statutory and decisional law, and the entire record in this case, the Court hereby finds as follows:

1. On January 10, 2018, Plaintiff filed this action against the individual Defendants under Title VII of the Civil Rights Act of 1964 ("Title VII"). Plaintiff appears to allege that Defendants discriminated against Plaintiff on the basis of his race and national origin.

2. Defendants now move to dismiss. Defendants argue that federal courts have exclusive jurisdiction over Title VII actions. Defendants also argue that Plaintiff fails to make out a claim under Title VII because Plaintiff only brought this action against individuals, and individuals are not subject to liability under Title VII.

3. Plaintiff opposes Defendants' motion. However, to the extent that the Court finds that Plaintiff's complaint does fail to state a claim under Title VII, Plaintiff seeks leave to amend.

4. Delaware is a notice pleading jurisdiction.[1] Therefore, to survive a motion to dismiss, a complaint only needs to give general notice of the claim asserted.[2] In deciding a motion to dismiss under Superior Court Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the Court shall accept all well-pleaded

---

[1] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[2] *Id.*

allegations as true and make all reasonable inferences in favor of the non-moving party.[3]  Factual allegations, even if vague, are well-pleaded if they provide notice of the claim to the other party.[4]  The Court should deny the motion if the claimant "may recover under any reasonably conceivable set of circumstances susceptible of proof."[5]

5.      Federal courts do not have exclusive jurisdiction over Title VII cases.[6] In *Yellow Freight System*, the United States Supreme Court explicitly considered "whether federal courts have exclusive jurisdiction" over Title VII actions,  and concluded that Congress did not divest state courts of their concurrent authority to adjudicate claims under Title VII.[7]  Therefore, Defendants' argument that this Court has no jurisdiction over Title VII claims is without merit.[8]

6.      However, while a Title VII complaint may be brought in state court, it may not be brought against individual defendants.  Title VII makes it unlawful for an "employer" to discriminate on the basis of "race, color, religion, sex, or national

---

[3] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998); *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[4] *Spence*, 396 A.2d at 968.
[5] *Id.*
[6] *Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 821 (1990).
[7] *Id.*
[8] The Court notes that Defendants did not cite to the United States Supreme Court case that are is in direct contradiction with its jurisdictional argument.  The Court presumes that Defendants' counsel was not aware of the prevailing decisional law. *Accord* Del. Lawyers' R. Prof'l Conduct 3.3(a)(2).

origin."[9]  Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees."[10]  As a result, most courts have concluded that individual employees are not subject to liability under Title VII.[11]

7.    Plaintiff only brought his Title VII action against the individual Defendants.  Therefore, Plaintiff's has not set out a claim upon which relief can be granted.[12]  Accordingly, Defendants' motion to dismiss the individual defendants shall be granted.

8.    Plaintiff seeks leave to amend the complaint.  Under Superior Court Rule of Civil Procedure 15, the Court should freely grant leave "when justice so requires."[13]  Plaintiff is a self-represented litigant and, as such, may be held to a less stringent standard provided that any accommodations the Court provides do not affect the substantive rights of other parties.[14]  The Court finds that it is in the interest of justice in this case to allow Plaintiff to amend his complaint.

---

[9] 42 U.S.C. § 2000e-2(a).

[10] 42 U.S.C. § 2000e(b).

[11] *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996), *cert. denied*, 521 U.S. 1129 (1997) (citing *Williams v. Banning*, 72 F.3d 552 (7th Cir. 1995); *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995); *Gary v. Long*, 59 F.3d 1391 (D.C. Cir.), *cert. denied*, 516 U.S. 1011 (1995); *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.), *cert. denied*, 513 U.S. 1015 (1994); *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583 (9th Cir. 1993), *cert. denied*, 510 U.S. 1109 (1994).

[12] Super. Ct. Civ. R. 12(b)(6).

[13] Super. Ct. Civ. R. 15(a).

[14] *See Alston v. State*, 2002 WL 184247, at *1 (Del. Super. Jan. 28, 2002); *Vick v. Haller*, 1987 WL 36716, at *1 (Del. 1987).

9. This Court has jurisdiction to resolve claims arising under Title VII. Plaintiff's complaint fails to state a claim upon which relief can be granted against the individual defendants because individuals are not subject to liability under Title VII. Accordingly, the individual defendants shall be dismissed. Plaintiff is granted leave to amend the complaint to assert a properly pleaded Title VII claim within 30 days. Plaintiff is hereby notified, pursuant to Rule 41(e), that failure to file an amended complaint shall result in a dismissal of this action for failure of Plaintiff to diligently prosecute the action.

**NOW, THEREFORE, this 17th day of April, 2018, Defendants' Motion to Dismiss is hereby GRANTED and Plaintiff's Motion to Amend the Complaint is hereby GRANTED. The Defendants are dismissed. Plaintiff is granted 30 days to file a properly pleaded amended complaint. If an amended complaint is not filed by May 23, 2017, this action shall be dismissed pursuant to Rule 41(e).**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**