John DOE, Father of Minor Daughter H.S.; Jane Doe, Mother of Minor Daughter H.S.; H.S., Minor Daughter of John and Jane Doe, Plaintiffs–Appellants

v.

SILSBEE INDEPENDENT SCHOOL DISTRICT; Richard Bain, Jr., Superintendent; Gaye Lokey, Principal; Sissy McInnis; Rakheem Bolton; David Sheffield, Defendants–Appellees.

No. 09–41075
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 16, 2010.

**12.** *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 344 n.3 (5th Cir.2007).

Laurence Wade Watts, Watts & Associates, Missouri City, TX, for Plaintiffs–Appellants.

Tanner Truett Hunt, Jr., Wells, Peyton, Greenberg & Hunt, L.L.P., John W. Newton, III, Roach & Newton, L.L.P., Larry James Simmons, Jr., Benjamin Eliot New, Kelli Burris Smith, Germer Gertz, L.L.P., Beaumont, TX, David J. Fisher, Orgain, Bell & Tucker, L.L.P., Silsbee, TX, for Defendants–Appellees.

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM: *

Parents John and Jane Doe, and their minor daughter, H.S. (collectively, "Appellants"), appeal the district court's FED. R.CIV.P. 12(b)(6) dismissal of their 42 U.S.C. § 1983 claims against District Attorney David Sheffield ("Sheffield"), Silsbee Independent School District ("SISD"), Richard Bain, Jr., Gaye Lokey, Sissy McInnis (collectively, "Appellees"), and Rakheem Bolton.[1]

This claim arises from John and Jane Doe's allegation that their daughter, H.S., was sexually assaulted at a party by Bolton and Christian Rountree,[2] fellow students at H.S.'s high school. Appellants claim that after the arrest, Sheffield told them that despite having enough evidence to go to trial, the grand jury was racially divided and therefore would not vote to return an indictment against Rountree and Bolton, who were African–American. The grand jury ultimately voted against indicting Rountree and Bolton. Appellants claim that after the vote, they heard derogatory comments in the community about H.S. that indicated a detailed knowledge of the official investigation and grand jury proceedings.

As a cheerleader for SISD, H.S. was contractually required to cheer for the basketball team, whose roster included Bolton. At a February game, H.S. cheered for the team but refused to cheer for Bolton individually. As a result, Bain and Lokey told H.S. that she had either to cheer when the others cheered or to go home. H.S. chose to leave, and McInnis subsequently removed her from the squad for the rest of the year. H.S. was permitted to try out for the squad again the following year.

Appellants originally filed a complaint under 42 U.S.C. § 1983. Appellees filed FED.R.CIV.P. 12(b)(6) motions for failure to state a claim. The district court denied Appellees' motions but requested that Appellants file an amended complaint that "clearly and concisely state[d] factual allegations that support[ed] the elements of the asserted causes of action." Appellants filed an amended complaint. Appellees again moved to dismiss for failure to state a claim. This time, the district court granted the motion to dismiss. This appeal followed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Pursuant to supplemental state law claims, Bolton is a party to this appeal. He has not filed any briefing on appeal.

2. Rountree is no longer a party to this appeal.

We review de novo a Rule 12(b)(6) dismissal of a claim, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *True v. Robles,* 571 F.3d 412, 417 (5th Cir.2009) (internal quotation marks and citation omitted). FED.R.CIV.P. 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A Rule 12(b)(6) dismissal for failure to state a claim is appropriate when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face, and when the plaintiff fails to plead facts "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

■ To state a claim under § 1983, a plaintiff must allege that a state actor has violated "a right secured by the Constitution and laws of the United States." *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citing *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)). Appellants claim that Sheffield deprived H.S. of her right to freedom from bodily injury and stigmatization, which Appellants allege are protected liberty interests under the Fourteenth Amendment. Specifically, they argue that subsequent to the grand jury's decision not to indict Rountree and Bolton, Sheffield "defamed" H.S. in a press conference and illegally revealed details of the indictment hearing. Appellants are correct that "bodily integrity" constitutes a protected liberty interest under the Fourteenth Amendment. *See, e.g., Doe v. Taylor Indep. Sch. Dist.,* 15 F.3d 443, 450–51 (5th Cir.1994) (holding that a student was deprived of a protected liberty interest when sexually assaulted by her teacher). However, psychological injury *alone* does not constitute a violation of bodily integrity as contem-

plated under the Fourteenth Amendment. *See Parham v. J.R.,* 442 U.S. 584, 99 S.Ct. 2493, 61 L.Ed.2d 101 (1979) (involving physical confinement); *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (involving corporal punishment); *Spacek v. Charles,* 928 S.W.2d 88 (Tex.App.Houston 1996) (involving corporal punishment). Furthermore, freedom from false stigmatization does not constitute a protected liberty interest under the Fourteenth Amendment. Our case law "does not establish the proposition that reputation alone, apart from some more tangible interest such as employment, is either 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976). Accordingly, Appellants have not stated valid claims for violation of any liberty interests protected by the Fourteenth Amendment.

■ Appellants also contend that SISD, Bain, Lokey, and McInnis deprived H.S. of a property interest protected by the Fourteenth Amendment. Specifically, they claim that H.S. had a property interest in her position on the cheer squad, and Lokey and McInnis deprived H.S. of that interest when they removed her from the cheer squad. "[S]tudents do not possess a constitutionally protected interest in their participation in extracurricular activities." *NCAA v. Yeo,* 171 S.W.3d 863, 865 (Tex. 2005). Moreover, according to the terms of H.S.'s cheerleading contract, her failure to cheer constituted valid grounds for her removal from the cheer squad. Accordingly, the district court was correct in dismissing Appellants' claim for unconstitutional deprivation of property.

Appellants further argue that SISD, Bain, Lokey, and McInnis violated H.S.'s right to equal protection. Specifically, they claim H.S. was treated differently

"because she is a female." "It is well established that a showing of discriminatory intent or purpose is required to establish a valid equal protection claim." *U.S. v. Crew,* 916 F.2d 980, 984 (5th Cir.1990) (citing *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), and *Village of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977)). Because Appellants make no showing that H.S.'s gender motivated any of Appellees' actions, their equal protection argument fails.

Appellants allege Sheffield deprived H.S. of her First Amendment right to freedom of speech by retaliating against her for filing sexual assault charges against Bolton and Rountree. However, Appellants make no showing that Sheffield's alleged retaliatory acts relate to H.S.'s accusations against Rountree and Bolton. Accordingly, the district court properly dismissed this claim on Sheffield's Rule 12(b)(6) motion.

Finally, Appellants claim SISD, Bain, Lokey, and McInnis violated H.S.'s right to free speech under the First Amendment because H.S.'s decision not to cheer constituted protected speech inasmuch as it was a symbolic expression of her disapproval of Bolton's and Rountree's behavior. Courts have long held that public school students do not "shed their constitutional rights to freedom of speech or expression at the schoolhouse gate." *Tinker v. Des Moines Ind. Community Sch. Dist.,* 393 U.S. 503, 511, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969). In order to determine whether conduct "possesses sufficient communicative elements to bring the First Amendment into play, [we] must ask whether an intent to convey a particularized message was present, and whether the likelihood was great that the message would be understood by those who viewed it." *Canady v. Bossier Parish School Board,* 240 F.3d 437, 440 (5th Cir.2001) (citing *Texas v. Johnson,*

491 U.S. 397, 404, 109 S.Ct. 2533, 105 L.Ed.2d 342 (1989)).

■ Appellants contend the district court erred in holding that H.S. "did not convey the sort of particularized message that symbolic conduct must convey to be protected speech." Even assuming *arguendo* that H.S.'s speech was sufficiently particularized to warrant First Amendment protection, student speech is not protected when that speech would "substantially interfere with the work of the school." *Tinker,* 393 U.S. at 509, 89 S.Ct. 733. "The question whether the First Amendment requires a school to tolerate particular student speech ... is different from the question whether [it] requires a school affirmatively to promote particular speech." *Hazelwood School Dist. v. Kuhlmeier,* 484 U.S. 260, 270, 108 S.Ct. 562, 98 L.Ed.2d 592 (1988). In her capacity as cheerleader, H.S. served as a mouthpiece through which SISD could disseminate speech—namely, support for its athletic teams. Insofar as the First Amendment does not require schools to promote particular student speech, SISD had no duty to promote H.S.'s message by allowing her to cheer or not cheer, as she saw fit. Moreover, this act constituted substantial interference with the work of the school because, as a cheerleader, H.S. was at the basketball game for the purpose of cheering, a position she undertook voluntarily. Accordingly, we affirm the district court's dismissal of Appellants' First Amendment claim against SISD, Bain, Lokey, and McInnis.

Neither Appellants' complaint, nor any of their subsequent filings, assert constitutional violations against Sheffield, SISD, Bain, Lokey, or McInnis upon which Appellants could plausibly recover under 42 U.S.C. § 1983. Therefore, the district court did not err in dismissing Appellants' claims. Furthermore, the district court

was within its discretion to decline to exercise supplemental jurisdiction over Appellants' state law claims against Bolton.

AFFIRMED.