# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2011

Lyle W. Cayce
Clerk

No. 10-40319

JOHN DOE, Father of Minor Daughter H.S.; JANE DOE, Mother of Minor Daughter H.S.; H. S., Minor Daughter of John and Jane Doe,

Plaintiffs - Appellants

v.

SILSBEE INDEPENDENT SCHOOL DISTRICT; RICHARD BAIN, JR., Superintendent; GAYE LOKEY, Principal; SISSY MCINNIS; CHRISTIAN ROUNTREE; RAKHEEM BOLTON; DAVID SHEFFIELD,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:09-CV-374

Before KING, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

H.S., a student and cheerleader at Silsbee High School, sued[1] the Silsbee Independent School District ("SISD") and various other defendants alleging violations of her constitutional rights. The district court dismissed H.S.'s case

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] H.S.'s parents, John and Jane Doe, also brought suit on her behalf. Because they only allege violations of H.S.'s rights, we refer to the appellants collectively as "H.S." for simplicity.

No. 10-40319

and this court affirmed. While H.S.'s appeal was pending, the district court granted the defendants attorney's fees under 42 U.S.C. § 1988. H.S. appeals, and we REVERSE the district court's order granting attorney's fees.

## I. FACTS AND PROCEEDINGS

In October 2008, H.S., a student and member of the cheerleading squad at Silsbee High School, was allegedly sexually assaulted by two classmates, Bolton and Rountree, at a private party. Bolton and Rountree were arrested on criminal charges of sexual assault of a child and released on bail. H.S. obtained a protective order against Bolton and Rountree, who were removed from regular classes and extracurricular activities at Silsbee. After a grand jury declined to indict either Bolton or Rountree, however, they were permitted to return to regular classes, and Bolton was permitted to rejoin the varsity basketball team.

In February 2009, H.S., as a cheerleader, refused to cheer for Bolton during a varsity basketball game. H.S. allegedly cheered for the team as a whole, "[b]ut for the moment when . . . Bolton alone was the performer (for example, when shooting free throws), H.S. without disturbance or disruption did not cheer. She symbolically protested and expressed herself by either quietly folding her arms or going to sit by [SISD Cheerleading Sponsor Sissy] McInnis." The alleged purpose of H.S.'s protest was to signal her disapproval of Bolton and also "to warn others of Bolton's dangerous propensities."

Following H.S.'s protest, SISD Superintendent Richard Bain, Jr. and Silsbee High School Principal Gaye Lokey allegedly pulled her aside and told her to cheer for Bolton or to go home. H.S. chose the latter. McInnis and Lokey subsequently removed H.S. from the cheerleading squad for her refusal to cheer for Bolton. H.S.'s father unsuccessfully appealed her removal to Lokey, Bain, and the SISD Board. Bain subsequently allowed H.S. to try out for the squad for the following school year, even though the relevant school policy stated that

No. 10-40319

cheerleaders involuntarily removed from the squad could not participate the following school year. H.S. tried out and made the cheerleading squad.

Alleging various violations of the First and Fourteenth Amendments, H.S. brought suit against the SISD, Bain, Lokey, and McInnis[2] (together "Defendants"). The Defendants moved to dismiss H.S.'s complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The district court denied the motion, but noted that H.S.'s complaint was "utterly insufficient, and the Court is inclined to gran[t] dismissal." However, the Court granted H.S. "one—and only one—chance to file an amended pleading that complies with the Federal Rules of Civil Procedure."

In response, H.S. filed an amended complaint reiterating her claims. H.S. claimed that the Defendants "disparately favored" Bolton and Rountree, denying her equal protection under the law because of her gender, her sexual assault report, and her symbolic protest of Bolton and Rountree. She also asserted that the Defendants deprived her of property and liberty interests without due process. She alleged that she lost her property interest in her membership in the cheerleading squad and that she lost her liberty interest in being free from psychological harm and stigmatization. Finally, H.S. claimed that the Defendants retaliated against her for her exercise of protected speech, "including non-disruptive speech in protest at the basketball games when Bolton alone was standing at the free-throw line."

The district court granted the Defendants' renewed motions to dismiss, concluding that, despite H.S.'s belief that she was injured and treated unfairly by the Defendants, the complaint alleged no facts that supported a finding that H.S. was denied any rights under the Constitution. H.S. appealed, and a panel

---

[2] H.S. also brought claims against the district attorney that are not relevant to this appeal.

No. 10-40319

of this court affirmed the district court's judgment. *Doe v. Silsbee Indep. Sch. Dist.*, No. 09-41075, 402 F. App'x 852 (5th Cir. 2010).

While H.S.'s appeal was outstanding, and before this court affirmed the district court's judgment, the Defendants moved for awards of attorney's fees under 42 U.S.C. § 1988, asserting that her suit was "patently frivolous, unreasonable, vexatious, and utterly without foundation." The district court granted the Defendants' motion, awarding Bain and SISD $23,892.50 in attorney's fees and $747.50 in costs, and Lokey and McInnis $13,950 in attorney's fees and $313.64 in costs, for a total of $38,903.64. H.S. appeals the attorney's fee award.

## II. STANDARD OF REVIEW

We review an award of attorney's fees under § 1988 for abuse of discretion. *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999). "A district court abuses its discretion if it awards [attorney's fees] based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (quoting *Esmark Apparel, Inc. v. James*, 10 F.3d 1156, 1163 (5th Cir. 1994) (quotation marks omitted).

## III. DISCUSSION

A.    Applicable Law

42 U.S.C. § 1988(b) provides that "the court, in its discretion, may allow the prevailing party [in a § 1983 action] . . . a reasonable attorney's fee as part of the costs." "The primary purpose of [§ 1988] is to encourage private enforcement of the civil rights statutes," *Vaughner v. Pulito*, 804 F.2d 873, 878 (5th Cir. 1986), while at the same time "protect[ing] defendants from burdensome litigation having no legal or factual basis." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). Section 1988 creates a presumption that attorney's fees will be granted to a prevailing civil rights plaintiff in all but special circumstances. *Vaughner*, 804 F.2d at 878. By contrast, an award of attorney's

fees to a prevailing defendant under § 1988 is "presumptively unavailable," *Dean*, 240 F.3d at 508, and is proper only upon a finding that the plaintiff's suit is "frivolous, unreasonable, or groundless*, or that the plaintiff continued to litigate after it clearly becomes so," regardless of whether the suit was brought in good faith. *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978); *see also Hughes v. Rowe,* 449 U.S. 5, 14 (1980) (adopting the *Christiansburg* standard for attorney's fees under § 1988).

To determine whether a claim is frivolous or groundless, we have stated that courts may examine factors such as: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial. *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). "These factors are, however, guideposts, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." See *E.E.O.C. v. L.B. Foster Co.*, 123 F.3d 746, 751 (3d Cir. 1997) (internal quotations marks and citations omitted).

In *Christiansburg*, the Supreme Court stated that in determining whether a claim is frivolous so as to justify an award of fees to a prevailing defendant, "it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." 434 U.S. at 421-22. "This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id.*

Accordingly, the dismissal of a plaintiff's claims before they reach the jury is insufficient by itself to support a finding of frivolity. "Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." *Hughes*, 449 U.S. at 15–16. "Even when the law or the facts appear questionable

No. 10-40319

or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg*, 434 U.S. at 422; *see also Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 998 (5th Cir. 2008)(action not frivolous where the record contained some plausible evidence supporting plaintiff's claims).

Conversely, we have generally affirmed awards of attorney's fees where the plaintiff's civil rights claim lacks a basis in fact or relies on an undisputably meritless legal theory. *See, e.g., Lewis v. Brown & Root, Inc.*, 711 F.2d 1287, 1291 (5th Cir. 1983) (fee award appropriate upon finding that the evidence proffered by the plaintiff to prove his claim for racially-motivated employment discrimination "did not demonstrate, even by inference, any unlawful discrimination"). "Implicit in this approach is the premise that plaintiff knew or should have known the legal or evidentiary deficiencies of his claim." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990).

B.    Analysis

H.S. argues that the district court erred in awarding the Defendants attorney's fees purely because she had failed to establish a prima facie claim. Her argument, however, fails to read the district court's orders[3] in context. The district court's orders began by laying out the three factors that this court stated in *Meyers*. The court then found that: (1) H.S. had not established a prima facie case; (2) H.S. did not offer to settle; and (3) it had resolved the case before trial. It then stated:

> Having considered these factors, the Court finds that [H.S.'s] Section 1983 action was without foundation. Therefore, as prevailing defendants in an unreasonable Section 1983 action, Defendants . . . are entitled to recover reasonable attorney's fees.

The district court's orders show that it considered the three *Meyers* factors and *then*, viewing the H.S.'s case as a whole, made the factual finding that her § 1983

---

[3] The district court issued two nearly identical orders—one for Bain and SISD and another for McInnis and Lockey.

claims were unreasonable. The district court did not award the Defendants attorney's fees merely because H.S. had failed to establish a prima facie case.

We next turn to whether the district court abused its discretion in awarding the Defendants attorney's fees because H.S.'s claims were unreasonable. In *Fox v. Vice*, the Supreme Court recently held that:

> [A] defendant may deserve fees even if not all the plaintiff's claims were frivolous. . . . That remains true when the plaintiff's suit also includes non-frivolous claims. The defendant, of course, is not entitled to any fees arising from these non-frivolous charges. But the presence of reasonable allegations in a suit does not immunize the plaintiff against paying for the fees that his frivolous claims imposed.

131 S. Ct. 2205, 2214 (2011) (internal citation omitted). Thus, we must determine whether the district court clearly erred in finding that each of H.S.'s claims were frivolous.

1.    H.S.'s Equal Protection Claim

H.S. first claimed that the Defendants violated her equal protection rights. But a plaintiff must show discriminatory intent or purpose in order to establish an equal protection claim. *United States v. Crew*, 916 F.2d 980, 984 (5th Cir. 1990). As the district court noted, H.S. alleged no facts indicating that the Defendants were motivated to act against her because of her sex or because she exercised any fundamental rights. Because H.S. failed to allege facts supporting an essential element of her equal protection claim, the district court did not clearly err in finding that her equal protection claim was frivolous. *See, e.g., Walker*, 168 F.3d at 240 (affirming attorney's fees award where plaintiff failed to put forth evidence that defendants acted with discriminatory purpose to establish an equal protection claim).

2.    H.S.'s Due Process Claim — Liberty Interests

H.S. next asserted that the Defendants deprived her of her liberty interests in freedom from psychological harm and stigmatization without due

process when they allowed Bolton and Rountree to return to school.  But it is well-settled that psychological injury *alone* does not constitute a violation of H.S.'s liberty interest in bodily integrity and that freedom from false stigmatization also does not constitute a protected liberty interest.  *Doe*, 402 F. App'x at 854 (citing cases).  The district court did not clearly err in finding that the Bolton and Rountree due process claim was frivolous.  *See Walker*, 168 F.3d at 240.

3.    H.S.'s Due Process Claim — Property Interest

Third, H.S. argued that the Defendants deprived her of her property right in participating in the cheerleading squad without due process.  But H.S. asserted no allegations that she received insufficient process, a critical element of a due process violation.  *See Brown v. Tex. A & M Univ.*, 804 F.2d 327, 333-34 (5th Cir. 1986) (dismissing plaintiff's due process claim for failure to allege "with particularity what processes he was due").  Indeed, the complaint reveals that H.S.'s father appealed her removal from the squad and argued for H.S.'s reinstatement before the school board, suggesting that process was available and received.  Although H.S.'s appeal was initially unsuccessful, Bain subsequently lifted the ban on her participation and allowed her to try out for the squad for the following school year.  Because H.S. failed to allege facts supporting an essential element of her due process claim, the district court did not clearly err in holding that her cheerleading squad due process claim was frivolous.

4.    H.S.'s First Amendment Claim

Finally, H.S. claimed that the Defendants violated her First Amendment rights by taking her off the cheerleading squad in retaliation for her protected speech, namely her symbolic protest of Bolton.  Unlike H.S.'s equal protection and due process claims, she did not fail to allege facts underlying the essential elements of her First Amendment claim.  H.S. undisputedly refused to cheer for Bolton, and the Defendants undisputably removed her from the cheerleading

No. 10-40319

team because she refused to cheer. *See Tinker v. Des Moines Ind. Cmty. Sch. Dist.*, 393 U.S. 503, 505-14 (1969) (holding that school violated students' First Amendment rights by suspending them for wearing black armbands to protest the Vietnam War). The only question, therefore, was whether H.S.'s silent protest was speech protected by the First Amendment.

"The First Amendment protects not only verbal and written expression, but also symbols and conduct that constitute 'symbolic speech.'" *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 283 (5th Cir. 2001). "In evaluating whether particular conduct possesses sufficient communicative elements to implicate First Amendment protections, courts must ask whether an intent to convey a particularized message was present, and . . . [whether] the likelihood was great that the message would be understood by those who viewed it." *Id.* at 283 (internal quotation marks and citation omitted) (alteration in original). It is also well settled that students' First Amendment rights are curtailed while in school. For instance, "educators do not offend the First Amendment by exercising editorial control over the style and content of student speech in school-sponsored expressive activities so long as their actions are reasonably related to legitimate pedagogical concerns." *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 273 (1988). Alternately, educators may prohibit students from expressing their opinion if the prohibition is necessary to avoid "substantial interference with schoolwork or discipline." *Tinker*, 393 U.S. at 511.

The district court concluded that H.S.'s conduct was not protected speech because the likelihood that the audience would understand H.S.'s message "seem[ed] low." On appeal, we assumed, *arguendo*, that the audience would have understood the message but held that H.S.'s speech was not protected because (1) she was participating in school-sponsored speech as a cheerleader or, alternatively, (2) her silent protest would result in "substantial interference with the work of the school." *Doe*, 402 F. App'x at 855. Although H.S.'s free speech

9

No. 10-40319

claim was eventually unsuccessful, we believe that her argument had at least "some arguable merit." *Jones v. Tex. Tech Univ.*, 656 F.2d 1137, 1146 (5th Cir. 1981). Even if the likelihood that the audience would understand her protest "seem[ed] low," H.S. reasonably could have argued that the audience knew the background of her alleged sexual assault by Bolton and would have understood the meaning of her conduct. Likewise, H.S. could have reasonably argued that (1) her participation in the cheerleading squad is not school sponsored speech and would not result in "substantial interference with schoolwork," or (2) forcing her to cheer was not "reasonably related to legitimate pedagogical concerns." Although these arguments did not win the day, it was error to conclude that H.S.'s First Amendment claim was "so lacking in arguable merit as to be groundless or without foundation."

Because the district court clearly erred in finding that H.S.'s First Amendment claim was frivolous, it abused its discretion in awarding the Defendants attorney's fees related to that claim. On remand, the court should recalculate the attorney's fee award to reflect *only* "reasonable attorney's fees incurred because of, but only because of, [the remaining] frivolous claim[s]." *Fox*, 131 S. Ct. at 2215.

## IV. CONCLUSION

For the foregoing reasons, the district court's order awarding attorney's fees is REVERSED and REMANDED for further proceedings consistent with this opinion.