# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 15, 2013

Lyle W. Cayce
Clerk

No. 12-31092
Summary Calendar

MATTHEW EARLE PROVENSAL,

Plaintiff–Appellant.

versus

MICHAEL JOHN GASPARD;
H20 HAIR, INCORPORATED, Doing Business as H20 Spa and Salon,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:10-CV-4276

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Matthew Provensal, a former employee of H20 Hair, Inc. ("H20 Hair"),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-31092

sued H20 Hair and his supervisor, Michael Gaspard, alleging Title VII and Louisiana state law claims based on sexual harassment. The claims were dismissed, and the court granted costs and attorney's fees to H20 Hair and Gaspard on a finding that the suit was frivolous. Provensal appeals only the award (and not the amount) of the costs and fees. We affirm.

I.

While working for H20 Hair as a massage therapist, Provensal filed a complaint with the EEOC and, after receiving permission to sue, he filed a district-court complaint in which he vaguely alleged that he had been the victim of discrimination based on his sex and religion. He claimed that Gaspard had demanded personal massages, had exposed himself to Provensal, and had promised to make Provensal a "head therapist" and get him extra money if he gave Gaspard more personal massages. Provensal also alleged, with no particularity or supporting facts, causes of action for failure to create a workplace free of discrimination, slander, defamation, intentional infliction of emotional distress ("IIED"), and other violations of state law. He requested damages of $1 million for emotional distress, economic losses, physical injuries, and "loss of civil rights." He also requested punitive damages and costs.[1]

The court dismissed parts of the complaint, beginning with state-law claims that Provensal conceded did not state a claim upon which relief could be granted. Eventually each claim was dismissed either under Federal Rule of Civil Procedure Rule 12(b)(6) or on a motion for summary judgment. Provensal was not able to present any evidence that he had received a promotion or demotion or any change in his wages while at H20 Hair. In his deposition, he did not

---

[1] Provensal amended his complaint after H20 Hair responded with a motion to dismiss or for a more definite statement under Federal Rule of Civil Procedure 12(b)(6) and (e). The amended complaint added little detail.

No. 12-31092

explain how Gaspard had harassed him beyond undressing in front of him, as many customers did, and becoming sexually aroused during the massage, which, as Provensal admitted, was reasonable to expect during a thigh massage.

After dismissing all the claims, the court addressed H20 Hair and Gaspard's motions for costs and attorney's fees. The court undertook a careful analysis of reasonable fees and the actual time spent on each issue and included those calculations in the order and reasons. The court reduced the fees considerably from the amounts initially claimed.

## II.

We review an award of costs and attorney's fees for abuse of discretion. *Jason D.W. by Douglas W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 208 (5th Cir. 1998). A court "abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (quotations omitted).

## III.

Costs and attorney's fees may be awarded under Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 and, in Title VII cases, are explicitly made available and relegated to the discretion of the court. 42 U.S.C. § 2000e-5. They are awarded differently, however, based on the identity of the prevailing party. A prevailing plaintiff generally ought to recover attorney's fees. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978) (applying to Title VII the *Piggie Park* standard of Title II, under which the default position is that a prevailing plaintiff recovers attorney's fees). A prevailing defendant, on the other hand, should recover fees only where the "court finds that [the plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so" or that the plaintiff brought a claim in bad faith. *Id.*

3

No. 12-31092

at 422.

Claims do not need to be "airtight" to avoid being frivolous, and courts must be careful not to use the benefit of perfect hindsight in assessing frivolousness. *Id.* at 421–22. Factors include "whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial." *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). These factors are "guideposts," and frivolousness must be judged on a case-by-case basis. *See Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011) (per curiam). Where a claim is "so lacking in merit" as to render it groundless, it may be classified as frivolous. *United States v. Mississippi*, 921 F.2d 604, 609 (5th Cir. 1991).

The district court, per the magistrate judge serving by consent, correctly applied our standard when determining frivolousness. The court opined that "the claims for religious discrimination, slander, and defamation had no colorable basis in fact or law, the claims for [IIED] were clearly prescribed [*sic*], and the federal and state employment claims against *Gaspard* were patently meritless because Gaspard was not plaintiff's employer." We consider briefly each of these claims.

The decision regarding the frivolousness of Provensal's claims for religious discrimination, slander, and defamation is reasonable. Even in his complaint, Provensal's claims stand out as ungrounded in law and fact. He did not explain his religion or how he had been discriminated against on that basis. He did not allege a single specific incident of slander or defamation. He failed even to point to any negative statement Gaspard or H20 Hair had made about him. Provensal did not note any of the legal requirements of these claims. Finally, in his response to Gaspard and H20 Hair's motion to dismiss, Provensal agreed that those three claims *should be dismissed*. They were meritless from the start, and Provensal is unable to explain even now how they were not frivolous, beyond

4

vague notions of our lenient pleading standards. That does not suffice.

The determination that the claim for IIED was frivolous was also reasonable. The court concluded that the claim was proscribed under the relevant statute of limitations and was therefore frivolous. Provensal concedes that the claim was time-barred; he even goes as far as to argue that it was so clearly time-barred that H20 Hair and Gaspard's lawyers *should have asked for dismissal earlier*—he maintains that Gaspard's failure to have the claim dismissed was his counsel's invidiously inflating the cost of litigation.

In appropriate cases, we have held that time-barred suits are meritless and properly deemed frivolous. *See Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 267 (5th Cir. 1991). The court reasonably determined that the IIED claim was frivolous.

Finally, the Title VII claims against Gaspard were correctly deemed meritless and frivolous. Title VII does not impose liability on individuals unless they are "employers." *See, e.g.*, *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994). Gaspard was not an employer and therefore could not be sued in his individual capacity under Title VII. That fact was obvious from the outset. The court again correctly concluded that the claim was frivolous.[2]

AFFIRMED.

---

[2] Even if only a subset of the claims was frivolous, it was still within the discretion of the court to grant costs and fees on that subset. *See Fox v. Vice*, 131 S. Ct. 2205, 2214 (2011).